IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM MANER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1567 |
| | § | |
| REPRODUCTIVE RESEARCH TECHNOLOGIES, LP, JACK N. MCCRARY, DR. ROBERT E. GARFIELD, and DR. RANIER FINK, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before the court[1] is Defendants Reproductive Research Technologies, LP ("RRT"), Jack N. McCrary ("McCrary") and Ranier Fink, Ph.D.'s ("Dr. Fink") (collectively, "Defendants") Motion for Summary Judgment (Doc. 24). The court has considered the motion, the Plaintiff's response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **DENIED**.

On June 15, 2015, Plaintiff filed this action bringing claims for copyright infringement, breach of contract, quantum meruit, conspiracy, and fraud.[2] Plaintiff alleges that he assisted in drafting a grant proposal for RRT, was promised employment upon receipt of such grant, and Defendants never followed through with

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 19, Ord. Dated Nov. 6, 2015.

[2] See Doc. 6, Pl.'s Am. Compl.

such promise when the grant was awarded.[3] On November 4, 2015, the court dismissed Plaintiff's breach of contract, quantum meruit, and fraud claims against Fink, and his conspiracy claim against all Defendants.[4] Defendants filed their motion for summary judgment on February 15, 2017, contending that Plaintiff judicially admitted he was never employed by RRT in a related lawsuit, and, therefore, summary judgment should be granted on his claims.[5]

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary

---

[3] See id.

[4] See Doc. 15, Mem. Opin. & Ord. Dated Nov. 4, 2015.

[5] See Doc. 24, Defs.' Mot. for Summ. J.

judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (1992). If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)).

The premise of Defendants' motion for summary judgment is that Plaintiff was not employed by RRT. Defendants contend that Plaintiff judicially admitted he worked for Dignity Health f/k/a Catholic Healthcare West ("Dignity Health") in another lawsuit, and therefore, he could not have been working for RRT at the same time, and that any copyrightable material he would have created belonged to Dignity Health. Defendants point to the parts of Plaintiff's other complaint where he states he worked for Dignity Health, was supervised by Robert Garfield, Ph.D., ("Dr. Garfield") and received a salary from Dignity Health.[6] Defendants contend that these are judicial admissions that demonstrate that Plaintiff was not working for RRT.

Plaintiff agrees with Defendants that he was an employee of Dignity Health. However, Plaintiff points out that it is possible

---

[6] See Doc. 24-1, Ex. 1 to Defs.' Mot. for Summ. J., p. 4.

3

to work for more than one employer at a time, and he has produced evidence, including affidavits, emails, and memoranda, demonstrating that he was also employed by RRT.[7] Additionally, Plaintiff points out that the kind of grant RRT received, a Small Business Innovation Research grant, could only be received by for-profit, smaller businesses, not large, non-profit entities such as Dignity Health.[8] Therefore, Plaintiff has raised a genuine issue of material fact as to whether he was employed by RRT.

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **DENIED**.

**SIGNED** in Houston, Texas, this 15th day of August, 2017.

_____
U.S. MAGISTRATE JUDGE

---

[7] See Doc. 25-12, Ex. 12 to Pl.'s Resp., 1st Decl. of Pl. pp. 1-4; Doc. 25-12, Ex. 14 to Pl.'s Resp., Pl.'s Hours Worked Table p. 1; Doc. 25-13, Ex. 15 to Pl.'s Resp., RRT Memorandum from McCrary to Pl. pp. 1-3 (stating "[w]e are very pleased to have you working with us in Houston"); Doc. 25-14, Ex. 16 to Pl.'s Resp., Email from McCrary to Dr. Garfield Dated Dec. 1, 2010 p. 1; Doc. 25-16, Ex. 21 to Pl.'s Resp., 2d Decl. of Pl. pp. 1-10; Doc. 25-17, Ex. 23 to Pl.'s Resp., Def. RRT's Website (listing Maner as part of RRT's Medical Advisory Technology Group); Doc. 25-18, Ex. 24 to Pl.'s Resp., Checks from RRT to Pl. p. 1.

[8] See Doc. 25-1, Ex. 1 to Pl.'s Resp., Guide to SBIR/STTR Program Eligibility pp. 3-4, 8 (showing SBIR grant can only be received by a for-profit company with less than 500 employees); Doc. 25-2, Ex. 2 to Pl.'s Resp., Dignity Health Filing from Ariz. Sec'y of State pp. 1-2 (Dignity Health is registered as a non-profit under Arizona law); Doc. 25-5, Ex. 5 to Pl.'s Resp., IRS Exempt Orgs. p. 1 (Dignity Health is a non-profit with tax-exempt status); Doc. 25-6, Ex. 6 to Pl.'s Resp., Dignity Health Report p. 1 (Dignity Health "is a 17-state network of 10,000 physicians and 56,000 employees"); Doc. 25-15, Ex. 19 to Pl.'s Resp., Letter from the National Institutes of Health to RRT p. 1.